UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALYCE ANDERSON, | |
| Plaintiff, | |
| v. | No. 23 CV 15582 |
| | Judge Manish S. Shah |
| DAVID P. STEINER, Postmaster General, United States Postal Service, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Alyce Anderson sued her employer, the United States Postal Service, for discrimination and invoked several categories: race, color, sex, and disability. She also claimed retaliation, violations of the Family and Medical Leave Act, and procedural violations during the Equal Employment Opportunity complaint process. The Postal Service concedes that Anderson has stated a claim under Title VII of the Civil Rights Act of 1964 related to assignment of overtime but moves to dismiss the remainder of her claims. For the reasons discussed below, the motion is granted in part and denied in part.

## I. Legal Standards

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

Complaints "need not anticipate and overcome affirmative defenses, such as the statute of limitations." *LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 562 (7th Cir. 2026) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). I may only dismiss a complaint based on an affirmative defense if a plaintiff pleads herself "out of court by including 'facts that establish an impenetrable defense to'" her claims. *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678.

## II.    Facts

Plaintiff Alyce Anderson alleges that from March 24 to April 14, 2018, she was denied the same overtime pay opportunities given to male and white maintenance mechanics at the United States Postal Service. [70] ¶ 1.[1] Anderson also alleges that on July 17, 2018, she clocked into work and two management officials ordered her supervisor to send her home based on her race, color, disability, and in retaliation for engaging in protected EEO activity. [70] ¶ 2. She says that she was instructed to go home and not return until she had medical documentation from her healthcare

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed on the top of filings. The facts are taken from plaintiff's amended complaint, [70].

provider. [70] ¶ 2. She alleges that she was charged as absent without leave and lost 88 hours in hourly wages and 22 hours of overtime pay when she was forced to leave work.

Anderson also alleges that during the equal employment opportunity process, Postal Service lawyers conspired to defraud her of a fair, impartial, and unbiased EEO proceeding and engaged in misconduct and ex parte communications with a law clerk or employee of the EEOC administrative law judge assigned to her case. [70] ¶¶ 3–4. She says that in 2020, the EEOC found that the Postal Service did not properly process her complaints, and further errors and delays occurred after her case was remanded that were never addressed in her second appeal to the EEOC. [70] ¶ 3. She questions whether the EEOC "was ever involved in Plaintiff's Hearing request proceedings, and rather [sic] or not the EEOC Office of Federal Operations Director even received the Plaintiff Appeal request." [70] ¶ 3. Anderson alleges the Postal Service committed fraud during the proceedings, failed to follow the administrative law judge's instructions, and gave Anderson misinformation. [70] ¶¶ 3–4. She also alleges that the administrative law judge acted improperly. [70] ¶ 4.

## III. Analysis

### A. Exclusive Remedy for Employment Discrimination

Anderson brings claims under Title VII of the Civil Rights Act, the Rehabilitation Act, the Americans with Disabilities Act, the Postal Service Employee and Labor Relations Manual, and other federal regulations. [70] at 1–2. The Postal Service argues that Title VII provides the only path forward for Anderson's claims,

and that Anderson's discrimination claims based on other authority must be dismissed.

Title VII "provides the exclusive judicial remedy for claims of [race, color, sex, and national origin] discrimination in federal employment." *Mlynczak v. Bodman*, 442 F.3d 1050, 1057 (7th Cir. 2006); *Wilson v. Brennan*, 724 Fed.Appx. 466, 469 (7th Cir. 2018). All of Anderson's employment discrimination claims based on race, color, and sex must be brought under Title VII, *see* 42 U.S.C. § 2000e-16(a) (prohibiting discrimination on the basis of race, color, religion, sex, or national origin in federal employment) and (c) (creating private right of action and vesting federal courts with jurisdiction over such actions). Anderson's first claim for discrimination states that plaintiff was denied overtime pay opportunities that "male and Caucasian maintenance mechanics" were given. [70] ¶ 1. This adequately states a claim under Title VII for discrimination based on race and sex.

Anderson also alleges a claim based on her disability. She alleges that based on her disability, she was told to go home and not return until she had medical documentation from a healthcare provider. [70] ¶ 2.[2] Yet, she says, she was still charged as absent without leave and lost 88 hours in wages and 22 hours of overtime pay. [70] ¶ 2. A complaint does not need to plead a prima facie case of discrimination, and need only say, "'I was turned down a job because of my race.'" *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024). Taking all inferences in

---

[2] She also alleges that she was told to go home based on "race/color (black african-american), sex (female), … and retaliation (for engaging in protected EEO activity." [70] ¶ 2.

4

Anderson's favor, Anderson alleges she was sent home and marked absent without leave, causing her to lose pay, because of her disability. Anderson's claims are sufficient to plead a Rehabilitation Act claim. The Rehabilitation Act provides the sole judicial remedy for claims of disability discrimination. *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). Anderson's claims based on disability must be brought under the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(1) (incorporating Title VII's remedies, procedures, and rights for claims of disability discrimination).

To the extent Anderson cites other statutes, regulations, or policies (i.e., the Americans with Disabilities Act, EEO regulations and program directives, and the Postal Service Employee Labor Manual) in her complaint, they are not sources for any available relief. Claims of employment discrimination must be brought under Title VII or the Rehabilitation Act. *Mlynczak*, 442 F.3d at 1057; *Mannie*, 394 F.3d at 982. Any discrimination claims based on other sources are not cognizable and are dismissed with prejudice.

### B.     Family and Medical Leave Act

The Postal Service moves to dismiss Anderson's FMLA claim as untimely. FMLA interference and retaliation claims are subject to a two-year statute of limitations from the date of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(1). If the violation of the FMLA was willful, the statute of limitations is extended to three years from the date of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(2). The date of the last event constituting Anderson's alleged violation was July 17, 2018, and so Anderson had until July 2020 (or July

5

2021, if the conduct was willful) to file an FMLA complaint. She did not file her complaint until 2023.

Anderson says that she did not bring her FMLA claim before 2023 because she submitted an EEOC charge that included the claim. But a plaintiff is not required to file an EEOC charge to pursue an FMLA claim. *See generally* 29 U.S.C. § 2617; *see also* 29 C.F.R. § 825.400 (Department of Labor regulations that implement the FMLA; employees have the choice of filing a complaint with the Secretary of Labor *or* filing a private lawsuit pursuant to section 107 of the FMLA). So the question is whether including the FMLA charge in her EEO charge tolls the statute of limitations for Anderson's FLMA claim. It does not.

In *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 461, 465–66 (1975), the Supreme Court held that filing Title VII charges with the EEOC does not toll the limitations period for a related Section 1981 claim. The Court found that Congress had "clearly … retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII." *Id.* at 465–66. Because the petitioner could have filed his action any time after his cause of action accrued, and in fact had the "unfettered right to do so," the petitioner "slept on his § 1981 rights," and the Court affirmed the dismissal of the claim as untimely. *Id.* at 466.

The Supreme Court's decision means that "pursuit of an administrative remedy *unrelated* to a later filed federal claim does not toll the statute of limitations for the federal claim." *Xanthopoulos v. U.S. Dep't of Labor*, 991 F.3d 823, 832 (7th

6

Cir. 2021) (quoting *Cheeney v. Highland Cmty. Coll.*, 15 F.3d 79, 82 (7th Cir. 1994)) (emphasis in original). It is "[o]nly where there is complete identity of the causes of action" that the courts will "have an opportunity to assess the influence of the policy of repose inherent in a limitation period." *Id.* (quoting *Cheeney*, 15 F.3d at 82). In determining whether there is a "complete identity of the causes of action" for equitable tolling, I must ask: "Are 'the remedies available' for the earlier, timely filed claim 'separate, distinct, and independent' from those of the belated claim?" *Id.* at 833 (quoting *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 550 (7th Cir. 1987), then *Johnson*, 421 U.S. at 461). If so, then the statute of limitations is not tolled. *Id.*

The FMLA guarantees eligible employees up to twelve weeks of leave per twelve-month period, and prohibits employers from interfering with, restraining, or denying the exercise of an employee's use of leave under the Act. 29 U.S.C. §§ 2612(a), 2615(a)(1); *Chitwood v. Ascension Health All.*, 168 F.4th 493, 497 (7th Cir. 2026). Title VII and the Rehabilitation Act provide remedies for discrimination based on protected characteristics and require administrative exhaustion. *Shiba v. Mullin*, 174 F.4th 1025, 1033, 1035 (7th Cir. 2026) (Rehabilitation Act); *Anderson v. United Airlines*, 140 F.4th 385, 390 (7th Cir. 2025) (Title VII). In passing the FMLA, Congress sought to protect employees' leave; in passing the Rehabilitation Act, Congress sought to protect employees from discrimination based on personal, protected characteristics. The claims for interference under the FMLA and discrimination under the Rehabilitation Act may share some factual overlap, but they are not seeking the same remedy for the same wrong.

In addition, the Department of Labor, not the EEOC, implements the FMLA. A claim for a violation of the FMLA, unlike a Title VII or Rehabilitation Act claim, "does not require exhaustion with the EEOC, even when the claims are factually intertwined." *Lymon v. United Auto Workers Union, Loc. 2209*, 843 Fed.Appx. 808, 811 (7th Cir. Apr. 12, 2021) (citing *Xanthopoulos*, 991 F.3d at 831–33). Anderson could have filed a complaint with the Department of Labor or with the court at any time after she was told to return home allegedly in violation of the FMLA, but waited for at least two years. *Xanthopoulos*, 991 F.3d at 835. That she believed her complaint to the EEOC tolled the deadline for her FMLA claim is "unfortunately of little relevance inasmuch as the two remedies are truly independent." *Id.*

Though no circuit court of appeals has yet held that an FMLA claim is a remedy independent of Title VII and the Rehabilitation Act, many district courts have. *See Hurt v. Cook Cnty. Sheriff's Off.*, No. 22-cv-5552, 2025 WL 2785366, at *5 (N.D. Ill. Sept. 30, 2025) ("[B]ecause a plaintiff is not required to file an EEOC charge to pursue an FMLA claim, plaintiff's EEOC charge could not toll the statute of limitations for her FMLA claim."); *Zavala v. Silverleaf Resorts, Inc.*, No. 3:16-CV-03186-M, 2018 WL 6252551, at *2 (N.D. Tex. Nov. 2, 2018) (collecting cases). I find these cases persuasive. Because the causes of action are not identical, the filing of Anderson's EEOC charge did not toll the statute of limitations on her FMLA claim. The claim is dismissed as untimely.

## C. Equal Employment Opportunity Procedure Claims

The Postal Service also argues that Anderson's claims based on the procedural aspects of her EEO complaint should be dismissed because they are not exhausted

8

and because there is no cause of action that a federal employer failed to process an EEO complaint. *See* [70] ¶¶ 3–4.

There is no "failure-to-process" cause of action against the EEO. *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000). Even if the Postal Service EEO lawyers and the EEO administrative law judge "botched the processing of her complaint, [Anderson] is now already in a federal court on the merits, and any earlier mishandling is essentially moot." *Id.* Anderson's failure-to-process claims "do[] not state a claim upon which relief can be granted." *Id.* The claims alleging a defect in the EEO complaint process in paragraphs 3 and 4 of Anderson's amended complaint are dismissed with prejudice.

9

## IV.     Conclusion

The defendant's motion to dismiss, [79], is granted in part and denied in part. Plaintiff has adequately pleaded that she was sent home and marked absent without leave on the basis of her race, color, sex, and disability, and in retaliation for her EEO complaints. As defendant concedes, plaintiff has also adequately pleaded that she was denied overtime pay on the basis of her race and sex. Defendant's partial answer adequately denies the viable claims, [81] at 4, and no further pleading is necessary. Her claims for violations of other sources of authority, for violations of the Family and Medical Leave Act, and for EEO procedural issues are dismissed with prejudice.[3] The parties should proceed with discovery as scheduled.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: June 29, 2026

---

[3] *LJM Partners*, 165 F.4th at 561, 570–71 (affirming dismissal with prejudice of claims barred by the statute of limitations because amendment would be futile).

10